IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-00710

| | |
|---|---|
| **Felicia Jordan as Administratrix for the Estate of Ravon Jordon**, <br><br> Plaintiff, <br><br> v. <br><br> **Estate of Sherion B. Hair, et al.**, <br><br> Defendant. | **Memorandum & Recommendation** |

The Estate of Sherion B. Hair, Dawn Driggers, and the Fayetteville Metropolitan Housing Authority Board all seek to be dismissed from this action. Hair's Estate claims, among other things, that it was improperly served and that the process was insufficient. Driggers and the Housing Authority claim that the Complaint fails to state a claim upon which relief may be granted and that Driggers, in her individual capacity, was not properly served. The Estate of Ravon Jordan opposes these motions. After considering the pleadings, the parties' submissions, and the applicable law, the undersigned recommends that the motions to dismiss be granted.

## I. Background

Ravon Jordan tragically died on June 22, 2014, after being struck by a bullet fired during a shootout between rival gangs. The shooting was the culmination of a raucous and disruptive party that was taking place at a home on Grandview Drive in Fayetteville owned by Sherion Hair. Over the course of the evening, the party grew to massive proportions, with over 100 people in attendance. Law enforcement showed up at Hair's home on a number of occasions that evening as a result of complaints about the party.

1

This party was not the first time Hair's house was the site of such a rowdy gathering. Defendant A'shante Janelle Owens rented the Grandview Drive house and routinely held large and unruly parties there. Owens promoted the parties on Facebook and other social media venues. The parties were replete with drugs, alcohol, and "illegal and disorderly conduct[.]" Compl. ¶ 29, D.E. 1–2.

Neighbors lodged numerous complaints about the parties with Hair; the Fayetteville Metropolitan Housing Authority Board; and Dawn Driggers, the Executive Director of the Housing Authority. Driggers and the Housing Authority were notified because the Housing Authority had entered into a contract with Hair to use her house as a rental property for low income families under the Section 8(a) program.

Under the terms of the contract, the Housing Authority leased the Grandview Drive house to Defendant Kathleen Carter. Carter's lease was subject to the Housing Authority's regulations, which included requirements that she live in the home as her permanent residence; not permit the use of alcohol, drugs, and weapons on the premises; and not maintain the property in a manner that created or caused public disturbances. However, Carter did not live in the home. Instead, she rented it to Owens and allowed other individuals not properly registered or authorized by the Housing Authority to live in the property.

Hair died exactly one year after Jordan. Subsequently, her husband, Gerald Winfrey, submitted an application for letters of administration. But Winfrey was never named as the administrator of Hair's Estate because staff in the Cumberland County Clerk of Court's office told him that he did not need to open an estate or be named as personal representative to attend to Hair's affairs after her passing.

After Jordan's death, Plaintiff Felicia Renee Jordan, the Adminstratrix of Jordan's Estate, filed a Complaint in North Carolina Superior Court alleging four claims. First, Jordan's Estate alleges that Driggers, in her individual and official capacities, and the Housing Authority violated Jordan's rights under the Fourth and Fourteenth Amendments to the Constitution by failing to properly train and supervise Housing Authority personnel to detect and stop illegal or inappropriate conduct by residents in leased properties. In the remaining claims, the Estate alleges that Hair, Carter, and Owens were negligent by failing to ensure that the Grandview Drive house was not used for any illegal or inherently dangerous activities.

The Complaint names the Estate of Sharion B. Hair as a defendant, but does not name a personal representative of Hair's Estate as a party. Subsequently, a summons was issued to the Estate of Sharion B. Hair and sent via certified mail to "Estate of Sharion Hair c/o Gerard Winfrey." Gerald Winfrey signed for the certified mailing.

Driggers and the Housing Authority removed this action to federal court in late June 2016. Hair's Estate now seeks to be dismissed from this action due to lack of personal jurisdiction, improper process, improper service of process, and failure to state a claim upon which relief may be granted. Driggers and the Housing Authority also seek to be dismissed because the Complaint allegedly fails to state a claim against them.

**II.   Discussion**

**A. Estate of Sharon B. Hair's Motion to Dismiss**

The Estate of Sharon B. Hair claims that the court should dismiss it from this action because no one ever qualified as a personal representative and, thus, the Estate was not properly named as a defendant and not properly served. Jordan's Estate claims that the court should hold that Gerald Winfrey is the personal representative of Hair's estate because he accepted service of

3

process on behalf of the estate and he was under a duty to inform Jordan's Estate's counsel that he was not the personal representative.

Hair's Estate requests that it be dismissed from this action under Rule 12(b)(4) for insufficient process because the summons does not name a party who is subject to suit (the summons names the Estate, not a personal representative). Additionally, it seeks to be dismissed under Rule 12(b)(5) for improper service of process because Winfrey did not have the authority to accept service of process on behalf of the Estate. Jordan's Estate "bears the burden of establishing that process properly has been served." *Lee* v. *City of Fayetteville*, No. 5:15-CV-00638-FL, 2016 WL 1266597, at *2 (E.D.N.C. Mar. 30, 2016).

North Carolina law provides that upon a person's death, the right "to prosecute or defend any action . . . existing in favor of or against such person . . . shall survive to and against the personal representative or collector of the estate." N.C. Gen. Stat. § 28A-18-1 (a). In light of these statutory provisions, North Carolina's courts have "acknowledged that a plaintiff is unable to proceed with litigation against an estate until an administrator is actually appointed." *Dixon* v. *Hill*, 174 N.C. App. 252, 260, 620 S.E.2d 715, 720 (2005) (citing *Ragan* v. *Hill*, 337 N.C. 667, 673, 447 S.E.2d 371, 375 (1994); *Shaw* v. *Mintz*, 151 N.C. App. 82, 86, 564 S.E.2d 593, 569 (2002) (Greene, J. dissenting), *dissent adopted*, 356 N.C. 603, 572 S.E.2d 782.

Any action against personal representatives "must be brought against them in their representative capacity." *Id.* § 28A-18-3. Thus, to initiate an action against an estate, a copy of the summons and complaint must be served on the personal representative. *See Tinkham* v. *Hall*, 47 N.C. App. 651, 653, 267 S.E.2d 588, 590 (1980).

Here, there is no dispute that the Cumberland County Clerk of Court never qualified a personal representative for Hair's estate. Thus, there was no one who could properly be named as a party or receive service of the Summons and Complaint in this action.

Jordan's Estate contends that the court should hold that Gerard Winfrey's, Hair's widower, acceptance of the service of the summons and complaint has somehow subjected Hair's estate to this court's personal jurisdiction. North Carolina's courts have previously rejected attempts to effect proper service on an estate on a person who, while close to the decedent, has no legal relationship to the estate in question. *Speights* v. *Forbes*, No. COA09-1554, 2010 WL 3468586, at *3 (N.C. Ct. App. Sept. 7, 2010) (rejecting attempt to serve process on the defendant's widow long after the estate had closed and her role as executor had come to an end). *See Ballard* v. *PNC Fin. Servs. Grp., Inc.*, 620 F. Supp. 2d 733, 735 (S.D.W. Va. 2009) (holding that when process is served on a person who "is not the agent of the defendant and is not authorized to receive service of process issued against such defendant, the motion to quash service and to dismiss the defendant from the action should be granted."). Moreover, in light of the fact that the identity of a personal representative is a matter of public record, the court sees no reason why estoppel should come into play in this scenario, as suggested by Jordan's Estate.

Based on the foregoing, the undersigned finds that Jordan's Estate failed to obtain sufficient process and failed to properly serve the Estate of Sharion B. Hair. As a result, the court lacks jurisdiction over it. The undersigned recommends that the District Court grant the Hair Estate's Motion and dismiss it without prejudice from this action.

### B. Housing Authority Defendants' Motion to Dismiss

The Housing Authority Defendants, Driggers and the Housing Authority, ask to be dismissed from this case for several reasons. First, the Housing Authority Defendants claim that

they should be dismissed because Jordan's Estate failed to allege a specific violation of a constitutional provision. Driggers claims that she is entitled to be dismissed in her individual capacity under the doctrine of qualified immunity because the right that Jordan's Estate claims she violated was not clearly established at the time of his death. Finally, they both argue that they are not subject to punitive damages. Although Jordan's Estate disagrees, the law is on the Housing Defendants' side.

### 1. Standard for a Motion to Dismiss under Rule 12(b)(6)

The Housing Authority Defendants have filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The pleading standard set forth in Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and a complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft* v. *Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.* v. *Twombly,* 550 U.S. 544, 570 (2007)); *see also Robinson* v. *Am. Honda Motor Co., Inc.,* 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When reviewing the sufficiency of the complaint, the court must "accept as true all well-pleaded allegations and view the complaint in the light most favorable to the plaintiff." *Philips* v. *Pitt Cty. Mem'l Hosp.,* 572 F.3d 176, 180 (4th Cir. 2009).

Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. Thus, while "the pleading standard [that] Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly,*

6

550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief,' as required by Rule 8 . . . ." *Francis* v. *Giacomelli,* 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal,* 556 U.S. at 678). Accordingly, "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* (quoting *Iqbal,* 556 U.S. at 678–79). With these principles in mind, the court will now address each of the Housing Authority Defendants arguments.

   2. **Qualified Immunity**

Driggers argues that she is shielded from claims against her in her individual capacity by qualified immunity. Mot. to Dismiss at ¶ 10, D.E. 27. This immunity "protects government officials from liability for civil damages" as long as they did "not violate clearly established statutory or constitutional rights . . . ." *Pearson* v. *Callahan*, 555 U.S. 223, 231 (2009) (quotation marks omitted). It seeks to "balance[] two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Id.*

Qualified immunity does not apply if (1) the plaintiff alleged a "violation of a constitutional right" and (2) this right was "clearly established at the time of [the] defendant's alleged misconduct." *Id.* at 232 (citations and quotation marks omitted). Courts have discretion to address either question first. *Id.* at 236. This court will start with the second prong.

To do so, the court must first define the allegedly violated right "at the appropriate level of specificity . . . ." *Wilson* v. *Layne*, 526 U.S. 603, 615 (1999). The specific right must be determined "at a high level of particularity." *Edwards* v. *City of Goldsboro*, 178 F.3d 231, 250–51 (4th Cir. 1999). The court must then determine if this specific right "has been authoritatively

7

decided by the Supreme Court, the appropriate United States Court of Appeals, or the highest court of the state in which the action arose." *Robinson* v. *Lioi*, 536 F. App'x 340, 346 (4th Cir. 2013). There does not need to be a case exactly on point, but this right must be apparent in the "light of pre-existing law." *See Wilson*, 526 U.S. at 614–15 (citations and quotation marks omitted).

Here, Jordan's Estate claims that two constitutional rights were clearly established: a "right to life" and a right "to live in an environment free from the types of threats that resulted in [Jordan's] demise." Memo. in Opp'n at 10, D.E. 33. Jordan's Estate asserts these rights too generally. *See Anderson* v. *Creighton*, 483 U.S. 635, 639 (1987). The Housing Authority Defendants describe this asserted right more specifically as a constitutional right to have a housing authority enforce its policies and regulations to prevent criminal activity. *See* Defs.' Memo. at 11, D.E. 28. This formulation is consistent with the allegations in the complaint. Compl. ¶ 41.

Having determined the specific right at issue, the court must now determine if a relevant court has clearly established this right or if it is apparent based on pre-existing law. Jordan's Estate has failed to provide a single citation supporting the right to have housing authorities enforce their policies and regulations. The court looked for this right and instead found authority that is highly skeptical of this kind of 'right.' The Supreme Court has held that the Fourteenth Amendment does not "require[] the State to protect the life, liberty, and property of its citizens against invasion by private actors." *DeShaney* v. *Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989). This Amendment does limit "the State's power to act," but it does not "guarantee . . . certain minimal levels of safety and security." *Id.*

In sum, the court finds that the right Jordan's Estate alleges that Driggers violated was not clearly established at the time of his death and that qualified immunity shields Driggers from individual capacity claim against her.[1] The undersigned recommends that the District Court grant the Housing Authority Defendants' Motion and dismiss it without prejudice from this action.

### 3. Official Capacity Claim against Driggers

Driggers next argues that the court should dismiss the official capacity claim against her because it is duplicative of the claim against the Board. Defs.' Memo. at 7. Courts treat official capacity suits "as a suit against the entity[,] . . . *not* a suit against the official personally, for the real party in interest is the entity." *Kentucky* v. *Graham*, 473 U.S. 159, 166 (1985) (emphasis in original) (citations omitted). As a result, when a governmental body is named as a defendant, any official capacity suits against employees of that agency should be "dismissed as duplicative." *Loughlin* v. *Vance Cty. Dep't of Soc. Servs.*, No. 5:14-CV-219-FL, 2015 WL 11117120, at *4 (E.D.N.C. Mar. 31, 2015), *appeal dismissed,* 615 F. App'x 809 (4th Cir. 2015) (citing *Love-Lane* v. *Martin*, 355 F.3d 766, 783 (4th Cir. 2004)). The Board is a named defendant, so the undersigned recommends that the District Court also dismiss the official capacity claim against Driggers.

### 4. Official Capacity Claim against the Housing Authority.

The Housing Authority contends that it should be dismissed because the Complaint does not specifically allege any constitutional right that Jordan was deprived of. Jordan's Estate responds that the Complaint indicates that the Housing Authority violated Jordan's Fourth and Fourteenth Amendment rights through its omissions and inactions.

---

[1] Because Driggers is protected from this claim in her individual capacity, the court does not need to resolve whether it has personal jurisdiction over her. *See* Defs.' Memo. at 8–10.

9

The Estate's contention is correct, but only to a point. The Complaint does, in fact, make reference to the Fourth and Fourteenth Amendments. Compl. ¶ 2. But there are no allegations anywhere in the Complaint that support an allegation that the Housing Authority subjected Jordan to a search or seizure, let alone an unreasonable one. To its credit, the Estate's response does not attempt to defend the validity of a Fourth Amendment claim. In light of the lack of factual allegations supporting a Fourth Amendment violation, the undersigned recommends that this claim be dismissed.

The Estate's Fourteenth Amendment does not fare much better. Although the Complaint makes passing reference to the Fourteenth Amendment, it does not specify whether the Estate is alleging that the Housing Authority violated Jordan's right to due process, violated his equal protection rights, or deprived him of the privileges or immunities of citizens of the United States. *See* U.S. Const. amend XIV § 2. The allegations in the Complaint do not provide any guidance on this point.[2] Absent a more specific set of allegations about the contours of its Fourteenth Amendment claim, Jordan's Estate has failed to give the Housing Authority "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Thus, the undersigned recommends that the District Court dismiss this claim as well.

---

[2] The Estate of Jordan's Response Brief makes reference to the Due Process Clause in a footnote, Resp. to Mot. to Dismiss at 6 n.1, D.E. 33, but it does not provide any explanation of how the Clause applies here and why its allegations were sufficient. In any event, a party may not amend its complaint through a brief in response to a dispositive motion. *See Hill* v. *Abercrombie & Fitch*, No. 11–00911, 2011 WL 4433573, at *4 n. 5 (D. Md. Sept. 20, 2011); *Sheppard* v. *The LPA Group, Inc.*, C/A No. 2:07–564, 2008 WL 444685, at *3 (D.S.C. Feb. 15, 2008); *Beck* v. *City of Durham*, 129 F. Supp. 2d 844, 855 (M.D.N.C. 2000); *Zachair, Ltd.* v. *Driggs*, 965 F. Supp. 741, 748 n. 4 (D. Md. 1997).

### 5. Punitive Damages

The Housing Authority and Driggers (in her official capacity) argue that they are is immune from § 1983 punitive damages because it is a municipal agency. Defs.' Memo. at 7.[3] The court agrees. Municipalities are immune from these damages, and housing authorities are municipalities under North Carolina law. *See Farmer* v. *Wilson Hous. Auth.*, 393 F. Supp. 2d 384, 386 (E.D.N.C. 2004). Thus the Housing Authority and Driggers (in her official capacity) are immune from a punitive damages claim. Thus the undersigned recommends that this claim should be dismissed.

## III. Conclusion

As outlined above, the undersigned magistrate judge recommends the following:

1. The Estate of Hair's Motion to Dismiss be granted due to insufficient process and insufficient service of process. The Estate of Hair should be dismissed without prejudice.

2. Driggers be dismissed from this action in her individual and official capacities due to failure to state a claim upon which relief may be granted and a duplicative claim against the Board.

3. The Housing Authority be dismissed from this action due to failure to state a claim upon which relief may be granted. The Housing Authority should be dismissed without prejudice.

4. The claim for punitive damages against the Housing Authority and Driggers, in her official capacity, be dismissed with prejudice because they are immune from punitive damages.

---

[3] Jordan's Estate does not contest this issue in its arguments. The Board also correctly notes that FMHA was not named as a plaintiff, but was liable under the claim against Drigger in her official capacity. Defs.' Memo. at 7.

Furthermore, the court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on each of the parties or, if represented, their counsel. Each party shall have until March 8, 2017, to file written objections to the Memorandum and Recommendation. Responses to any objections must be filed by March 20, 2017.

The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without this review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright* v. *Collins***, 766 F.2d 841, 846–47 (4th Cir. 1985).**

Dated: February 24, 2017

_____
Robert T. Numbers, II
United States Magistrate Judge