IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:16-CV-710-FL

| | |
|---|---|
| FELICIA RENEE JORDAN, Administratrix for the Estate of Ravon D. Jordan,<br><br>    Plaintiff,<br><br>  v.<br><br>FAYETTEVILLE METROPOLITAN HOUSING AUTHORITY BOARD, DAWN DRIGGERS, both individually and in her official capacity as Executive Director of Fayetteville Metropolitan Housing *Authority,* THE ESTATE OF SHARION B. HAIR, A'SHANTE JANELLE OWENS, and KATHLEEN CARTER,<br><br>    Defendants. | ORDER |

This matter is before the court upon motion to dismiss for failure to state a claim filed by defendants Fayetteville Metropolitan Housing Authority Board ("Board") and Dawn Driggers ("Driggers") (DE 27), and motion to dismiss for improper service and process of service filed by defendant Estate of Sharion Hair ("Estate"). (DE 24). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert T. Numbers, II, issued a memorandum and recommendation (M&R"), wherein it is recommended that the court grant defendants' motions. Plaintiff timely objected to the M&R. In this posture, the issues raised are ripe

for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge and grants defendants' motions.

## BACKGROUND

Plaintiff initiated this action on June 20, 2016, in Cumberland County Superior Court, as administratrix for the estate of Ravon D. Jordan ("Jordan"), asserting claims arising out of a shootout that occurred on the property of Sharion Hair ("Hair"). Jordan allegedly died from injuries sustained during the shooting. Plaintiff seeks compensatory and punitive damages, as well as trial by jury.

Plaintiff makes claims under 42 U.S.C. § 1983 against defendants Board and Driggers, in her individual and official capacities, alleging deprivations of Jordan's constitutional rights. Plaintiff also asserts state law negligence claims[1] against defendants Estate,[2] A'Shante Owen ("Owens"), and Kathleen Carter ("Carter").[3]

Defendants Board and Driggers timely removed the action on July 27, 2016, invoking this court's jurisdiction under 28 U.S.C. §§ 1331, 1441, and 1446.[4] On August 26, 2016, defendant Estate answered plaintiff's complaint and filed the instant motion to dismiss claims against it for insufficient service of process. Shortly thereafter, on August 31, 2016, defendants Board and Driggers filed the instant motion to dismiss claims against them for failure to state a claim, lack of jurisdiction, and insufficient service of process.

---

[1] Plaintiff's complaint also briefly mentions claims for wrongful death, assault, and battery. (See DE 1-2 at 4). However, plaintiff's enumerated claims do not specifically address these causes of action.

[2] Prior to commencement of this action, Hair passed away. For this reason, plaintiff brought claims against her estate.

[3] Service on defendants Owens and Carter remains outstanding.

[4] Defendant Estate consented to removal pursuant to 28 U.S.C. § 1446(b)(2)(A). Defendants Owens and Carter did not consent to removal.

On October 24, 2016, the court directed plaintiff to confirm the status of the action against defendants Owens and Carter, where service on those defendants remained outstanding. In response, plaintiff filed two separate affidavits of non-service on Carter and Owens, respectively. (DE 37, 38).[5]

The magistrate judge entered an M&R on February 24, 2017. The M&R recommends granting defendant Estate's motion to dismiss on the basis that plaintiff failed to serve the Estate's personal representative. The M&R also recommends granting defendants Board and Driggers's motion on the grounds that plaintiff fails to allege deprivation of a specific constitutional right. Plaintiff timely filed objections to the M&R.

## STATEMENT OF FACTS

The facts alleged in plaintiff's complaint are summarized as follows. The Fayetteville Metropolitan Housing Authority ("FMHA") is a public housing authority organized under Chapter 57 of the North Carolina General Statutes. Its purpose is to provide low-cost housing to families with low to moderate income. Defendant Board owns, manages, and administers public housing programs, including housing voucher programs under 42 U.S.C. § 1437f ("Section 8").[6] (DE 1-2 ¶

---

[5] Attached to both affidavits of service was an Alias and Pluries summons, issued on September 9, 2016, in state court. The affidavits also requested issuance of an additional Alias and Pluries summons upon defendants Carter and Owens. However, the affidavits failed to attach a certificate of service and proposed summons. Plaintiff filed an additional brief regarding the service of defendants Carter and Owens on November 1, 2016. (DE 39).

[6] Section 8 of the United States Housing Act of 1937, as amended by the Housing and Community Development Act of 1974, 42 U.S.C. § 1437 et seq., provides rental housing assistance to low-income families. Administration of Section 8 housing programs is governed by regulations promulgated by the United States Department of Housing and Urban Development ("HUD") pursuant to its rule-making authority under 42 U.S.C. §§ 1437c and 1437(d). The FMHA administers public housing programs in Fayetteville, North Carolina, including the Section 8 program. See Fayetteville Metropolitan Housing Authority, http://www.fayettevillemetrohousingauthority.org/Programs/tabid/5468/Default.aspx [https://perma.cc/F3SJ-8TAJ].

7). At all times relevant to this action, defendant Driggers was the Executive Director of the FMHA. (Id. ¶ 11).

According to plaintiff, the FMHA contracted with Hair, to use Hair's property, located at 1522 Grandview Drive in Fayetteville, North Carolina (the "Grandview house"), as rental property for low income families under the Section 8 program. (Id. ¶ 14). Pursuant to this contract, defendant Board leased the Grandview house to defendant Carter. (Id. ¶ 15). The lease agreement between defendants Carter and Board required defendant Carter to comply with certain terms and conditions. (Id. ¶ 16). In particular, the agreement prohibited the use of alcohol, drugs, or weapons on the property and required Carter to live on the property as a permanent resident. (Id. ¶ 17). In contravention of this agreement, Carter leased the Grandview house to defendant Owens. (Id. ¶¶ 20, 22).

On June 22, 2014, defendant Owens held a party at the Grandview house. (Id. ¶ 23). During the course of this party, individuals became disruptive and rowdy. (Id. ¶ 24). Law enforcement showed up at the house several times on June 22, 2014, to address complaints regarding disturbances that erupted during the party. (Id. ¶ 26). According to plaintiff, defendant Owens frequently held large and unruly parties at the Grandview house. (Id. ¶ 28). Neighbors lodged several complaints about these parties with Hair and defendants Board and Driggers. (Id. ¶ 30).

Jordan attended the party at the Grandview house on June 22, 2014. (Id. ¶ 32). While Jordan was at the party, unknown assailants engaged in a shootout. (Id. ¶ 33). During the course of the shootout, Jordan was shot. (Id. ¶ 35). Jordan subsequently died from injuries sustained in the shooting. (Id. ¶¶ 35–36).

## DISCUSSION

A. Standard of Review

1. M&R

The court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of a motion to dismiss]." 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court shall make a de novo determination of those portions of a magistrate judge's M&R to which specific objections are made. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

2. Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(4) challenges the sufficiency of process, while Rule 12(b)(5) motions challenge the sufficiency of service of process. "When the process gives the defendant actual notice of the pendency of the action, the rules . . . are entitled to a liberal construction" and "every technical violation of the rule or failure of strict compliance may not invalidate the service of process." Armco, Inc. v. Penrod-Stauffer Bldg. Sys.,

Inc., 733 F.2d 1087, 1089 (4th Cir. 1984). Nevertheless, "the rules are to be followed, and plain requirements for the means of effecting service of process may not be ignored." Id. The plaintiff bears the burden of establishing that process has been properly served. Dalenko v. Stephens, 917 F. Supp. 2d 535, 542 (E.D.N.C. 2013); see also Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993) (holding the plaintiff must prove service of process if challenged). Where, as here, service occurs prior to removal, the validity of service is determined by North Carolina law. See Fed. R. Civ. P. 81(c)(1); Brazell v. Green, 67 F.3d 293, 293 (4th Cir. 1995) ("[T]he validity of service prior to removal is determined by the law of the state under which service was made.").

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A complaint states a claim if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)( quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal [the] evidence' required to prove the claim. Twombly, 550 U.S. at 556. In evaluating the complaint, "[the] court accepts all well-plead facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd., v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

6

B.  Analysis

Plaintiff objects to the magistrate judge's determination that she failed to serve properly defendant Estate. Plaintiff also objects to the magistrate judge's determination that she failed to allege deprivation of an actual constitutional right with respect to her § 1983 claims. In doing so, plaintiff repeats arguments raised in her response to defendants' motions to dismiss. Upon de novo review of the M&R and the record in this case, the court finds that the M&R thoroughly and cogently addresses the issues raised by defendants' motions. The court writes separately to amplify the determinations made in the M&R.

1. Defendants Board and Driggers's Motion to Dismiss

Defendants Board and Driggers seek dismissal of plaintiff's claims against them on the basis that she failed to allege the deprivation of a right secured by the Constitution. Plaintiff asserts § 1983 claims against defendant Board and defendant Driggers in her official and individual capacity. Claims against city officials in their official capacity are in all respects, "[f]or purposes of § 1983, . . . treated as suits against the municipality." Santos v. Frederick Cnty Bd. Of Comm'rs, 725 F.3d 451, 469–70 (4th Cir. 2013). "[A] municipality is subject to [s]ection 1983 liability only when its 'policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the [plaintiff's] injury.'" Id. (quoting Monell v. Dept. of Social Services of the City of New York, 436 U.S. 658, 694 (1978)). A municipality may be liable under § 1983 for failure to train where such "failure to train amounts to deliberate indifference to the rights of persons with whom the [untrained subordinate employees] come into contact." City of Canton v. Harris, 489 U.S. 378, 388 (1989).

"[A] section 1983 failure-to-train claim cannot be maintained against a governmental employer in a case where there is no underlying constitutional violation by the employee." Young v. City of Mount Ranier, 238 F.3d 567, 579 (4th Cir. 2011). That is, to succeed under a failure to train theory, plaintiff must allege a violation of Jordan's constitutional rights. Id. Plaintiff must also allege deprivation of a specific constitutional right to maintain a claim against Driggers in her individual capacity. See Shaw v. Stroud, 13 F.3d 791, 798–799 (4th Cir. 1994) (noting that to establish supervisory liability under § 1983, a plaintiff must establish that an "affirmative causal link" between the supervisor's failure and the constitutional injuries inflicted by his subordinate).

Plaintiff's claims against defendants Board and Driggers fail because plaintiff has not alleged an underlying constitutional violation. See e.g., Evans v. Chambers, 703 F.3d 636, 654 (4th Cir. 2012) (stating that "because we hold that all the plaintiffs failed to state predicate § 1983 claims against the individual officers, we must also hold that all plaintiffs have failed to state supervisory liability [and] Monell liability" claims).

Plaintiff contends that her complaint details both Fourth and Fourteenth Amendment violations against defendants pursuant to § 1983 for failure to train and failure to supervise. However, plaintiff fails to specify the basis of these alleged violations. Plaintiff also fails to identify conduct by a subordinate of the Board or Driggers that resulted in injury to Jordan's constitutional rights. Significantly, here, no one associated with FMHA was involved in the shooting that resulted in Jordan's demise. Absent any allegation regarding specific conduct FMHA employees engaged in that violated Jordan's constitutional rights, plaintiff's claims against defendant Board and defendant Driggers must be dismissed.

Plaintiff suggests that the Board and Driggers violated "Jordan['s] . . . clearly established right to . . . life and [right] to live in an environment free from the types of threats that resulted in his demise," by failing prevent illegal conduct from occurring on property managed by defendant Board. (DE 42 at 5). However, there is no constitutional right to have a housing authority prevent criminal activity by third parties. See e.g., DeShaney v. Winnebago Cty. Dep't of Soc. Servs., 489 U.S. 189, 195 (1989) ("[N]othing in the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors. . . . It forbids the State itself to deprive individuals of life, liberty or property without 'due process of law,' but its language cannot be fairly extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means.").

Where plaintiff has failed to establish a violation of a constitutional right by defendant Board, Driggers, or any of their subordinates, her § 1983 claims fail as a matter of law. Accordingly, plaintiff's claims against defendants Board and Driggers are dismissed. Finding dismissal appropriate on this basis, the court need not address the parties' additional arguments.

2. Defendant Estate's Motion to Dismiss

Defendant Estate moves to dismiss plaintiff's claims against it for improper service and process of service. In North Carolina, "[u]pon the death of any person, all demands whatsover, and rights to . . . defend any action or special proceeding, existing . . . against such person, . . . shall survive . . . against the personal representative . . . of the person's estate." N.C. Gen. Stat. § 28A-18-1(a). "[A] plaintiff is unable to proceed with litigation against an estate until an administrator is actually appointed." Dixon v. Hill, 174 N.C. App. 252, 260 (2005) (citing Ragan v. Hill, 337 N.C. 667, 673 (1994) ("Once Hill was appointed administrator, plaintiffs were able to proceed with this

action against Hill in his role as administrator pursuant to N.C. [Gen. Stat.] § 28A-18-1.")); see also N.C. Gen. Stat. § 28A-18-3 ("All actions and proceedings brought . . . against personal representatives . . . upon any cause of action or right to which the estate of the decedent is the real party in interest, must be brought . . . against them in their representative capacity."). To initiate an action against an estate, the personal representative must be served with a copy of the summons and complaint. See N.C. Gen. Stat. § 1A-1, Rule 4(j); see also Storey v. Hailey, 114 N.C. App. 173, 179 (1994).

Here, the Cumberland County Clerk of Court has not qualified a personal representative for the Estate of Sharion Hair. Plaintiff served the summons and complaint on Hair's widow, Gerald Winfrey ("Winfrey"). (See DE 1-5). While close to Hair, Winfrey has no legal relationship to her estate. Thus, service of the complaint and summons on Winfrey does not establish service on defendant Estate.

Plaintiff contends that Winfrey should be estopped from denying improper service on the estate given his representations to plaintiff that he intended to qualify as the representative of his wife's estate. Where the magistrate judge addressed plaintiff's arguments on this point, the court, finding no clear error, adopts the magistrate judge's discussion on this issue as its own. See Diamond, 416 F.3d at 315.

Relying on Ragan, plaintiff also contends that she served properly defendant Estate since North Carolina law does not require appointment of a personal representative. Plaintiff's reading of Ragan, however, is misplaced. Ragan addresses the similar, but distinguishable situation, where the time for presenting a claim to an estate's personal representative expires prior to the appointment of a personal representative. 337 N.C. at 672–73. In allowing the plaintiffs' claim to proceed in

10

Ragan, the court found that the limitations set forth in N.C. Gen. Stat. § 28A-19-3 were inapplicable where no personal representative had been appointed for the estate. 337 N.C. at 673. Once an administrator was appointed, the court allowed plaintiffs to proceed with their action, even though they did not present their claims to the estate's personal representative within the statutorily required time frame. Id.

Unlike Ragan, here, the issue is not whether the plaintiff presented her claim to the estate's personal representative within the statutorily required time frame. Rather, the issue is whether a personal representative is required for service upon defendant Estate. Because no personal representative has been appointed for defendant Estate, it has not properly been served. See Dixon, 174 N.C. App. at 260; see also N.C. Gen. Stat. § 1A-1, Rule 4(j). Accordingly, plaintiff's claims against defendant Estate are dismissed. Even if service upon defendant Estate was proper, the court declines to exercise supplemental jurisdiction over plaintiff's negligence claim against the Estate, in light of the disposition of plaintiff's § 1983 claims. See 28 U.S.C. § 1367(c)(3).

In sum, plaintiff's claims against defendants Board and Driggers are dismissed for failure to allege violation of an actual constitutional right and plaintiff's claims against defendant Estate are dismissed for improper service and service of process. In light of the dismissal of plaintiff's § 1983 claims, which were the sole claims over which the court had original jurisdiction, the court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims against defendants Owens and Carter. See 28 U.S.C. § 1367(c)(3). Accordingly, the entire action is dismissed.

11

Case 5:16-cv-00710-FL   Document 45   Filed 03/30/17   Page 11 of 12

## CONCLUSION

Based on the foregoing, defendants' motions to dismiss (DE 24, 27) are GRANTED. Plaintiff's claims against defendants Board, Driggers, and Estate are DISMISSED WITHOUT PREJUDICE for failure to state a claim and improper service. Plaintiff's remaining state law claims are also DISMISSED pursuant to 28 U.S.C. § 1367(c)(3). The clerk is DIRECTED to close this case.

SO ORDERED, this the 30th day of March, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge